IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD AND DARLA HANSELMAN, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF TIMOTHY L. HANSELMAN, | : : : : : | 4:05-CV-1834 |
| Plaintiffs, | : : | (Judge McClure) |
| v. | : : | |
| STEPHEN J. OLSEN, CARY'S TRUCKING, INC., and TERRY THIBODEAUX, | : : : : | |
| Defendants. | : | |

**O R D E R**

January 9, 2006

**BACKGROUND:**

This is a diversity action arising from a series of motor vehicle accidents on Interstate 80 in Clinton County, Pennsylvania on January 23, 2005. The plaintiffs are the parents of Timothy J. Hanselman, who died as a result of injuries sustained while he was attempting to render assistance to a vehicle involved in an unrelated accident. The plaintiffs aver that while Hanselman was walking on the shoulder of the interstate towards a vehicle that had spun off the road and landed on its roof, he was struck by a vehicle driven by Stephen J. Olsen.

The action was initiated with the filing of a complaint on September 23, 2005, and an amended complaint was filed on October 6, 2005. Named as defendants are Stephen J. Olsen, driver of the vehicle that struck Hanselman; Terry Thibodeaux, a truck driver whose negligence it is alleged caused Olsen to lose control of his vehicle; and Cary's Trucking, Inc., Thibodeaux's employer.

Presently before the court is a motion by defendants Cary's Trucking and Thibodeaux ("moving defendants") to strike the word "recklessness" and any claim for punitive damages from the amended complaint. For the following reasons, the motion will be denied.

**ANALYSIS:**

Moving defendants argue that because there are "no factual allegations to show what conduct [Thibodeaux] engaged in that was outrageous . . . . Plaintiffs' claim that Defendant Thibodeaux acted recklessly and thus entitles Plaintiff to obtain punitive damages is insufficient as a matter of law and should be stricken from the Amended Complaint." (Rec. Doc. No. 9-1, at 4.) Plaintiffs respond by explicitly and repeatedly stating that they do not seek punitive damages, and by emphasizing that the motion to strike does not meet the standard set forth in

Federal Rule of Civil Procedure 12(f).[1]

     Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While we possess "considerable discretion in disposing of a motion to strike under Rule 12(f)," such motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Krisa v. Equitable Life Assur. Soc., 109 F. Supp. 2d 316, (M.D. Pa. 2000) (Vanaskie, C.J.) (quotations and citations omitted). The moving defendants make no argument that the word "reckless" is redundant, immaterial, impertinent, or scandalous. The moving defendants likewise did not argue that the word "reckless" prejudices them

---

[1]Moving defendants note that the case is before this court pursuant to our diversity jurisdiction, and that we therefore apply the substantive law of the state whose laws govern the action. Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Nevertheless, we will follow a Federal Rule of Civil Procedure when it controls the point in dispute. Justofin v. Metro. Life Ins. Co., 372 F.3d 517, 522 (3d Cir. 2004) (citing Hanna v. Plumer, 380 U.S. 460, 473-74 (1965)). "When the Federal Rule speaks to the point in dispute and is valid, it is controlling, and we need not pay any regard to state provisions, regardless whether they are in conflict with the Federal Rule." Id. (quoting 19 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Prac. and Pro. § 4508 (2d ed. 1996)).

or confuses the issues.[2]

Because the plaintiffs do not seek punitive damages in the amended complaint, and the motion to strike does not meet the standard set in Federal Rule 12(f), the motion will be denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The motion to strike is denied.  (Rec. Doc. No. 8-1.)

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

[2]In their motion, moving defendants state that the plaintiffs' use of the words "reckless" and "wanton" in the complaint are prejudicial under the Pennsylvania Supreme Court decision in Connor v. Allegheny Gen. Hosp., 461 A.2d 600 (Pa. 1983), which moving defendants claim "attached considerable significance to innocuous and/or boiler plate provisions, such as the vague and unspecified allegations of 'reckless' found in Plaintiff's Complaint."  (Rec. Doc. No. 8-1, at 5.) Moving defendants do not address this contention in their supporting brief.  We do not find this unsubstantiated argument to be persuasive.